[Civ. No. 1080.  First Appellate District.—October 23, 1912.]

## ISABELLA BLACK, Respondent, v. J. F. RILEY, Appellant.

ATTORNEY AND CLIENT—COLLECTION BY ATTORNEY—RETENTION IN EXCESS OF VALUE OF SERVICES—CONFLICTING EVIDENCE—SUPPORT OF VERDICT.—In an action by a client to recover from his attorney money collected for him, and retained by the attorney for his services in excess of the reasonable value thereof, a verdict for the client upon conflicting evidence as to the matter in controversy, cannot be disturbed as not supported by the evidence.

ID.—ACTION FOR MONEY HAD AND RECEIVED.—The action for money had and received by the defendant to the plaintiff's use, may be maintained whenever an equity arises from the circumstances that one has money which he ought to pay to another; and where the testimony of the plaintiff, if true, showed such a case, the action was properly brought to recover money had and received by defendant for the account of plaintiff.

ID.—HOSTILE ATTITUDE OF ATTORNEY AND CLIENT—PRESUMPTION OF UNDUE INFLUENCE — REQUEST PROPERLY REFUSED — BURDEN OF PROOF—OPEN HOSTILE ATTITUDE.—An instruction in the action for money collected and wrongfully retained by the attorney, that "no presumption of undue influence applies to a transaction where an attorney is in a hostile attitude to his client," was properly refused. Whenever an attorney, for his own benefit, deals with his client, with regard to property that is the subject of his employment, he is in a hostile attitude to his client, and is bound to exercise the utmost good faith toward his client, and the burden is upon him to rebut the presumption of undue influence. It is only when he *openly assumes* a hostile attitude, that his transactions with his client will be free from such presumption.

ID.—CONTINGENT CONTRACT OF EMPLOYMENT OF ATTORNEY—MODIFICATION OF REQUEST.—A requested instruction that "the contract of employment between an attorney and client need not be in writing, and that an attorney can agree to perform his services on a contingency. And if the client agrees to employ the attorney and pay him . . . said contract will be enforced, unless fraud was used in securing the contract," was not erroneously modified by omitting the last sentence therefrom.

APPEAL from a judgment of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

W. E. Wright, and Crittenden Thornton, for Appellant.

Edwin H. Williams, for Respondent.

HALL, J.—This is an appeal from a judgment in favor of plaintiff and the order of the court denying defendant's motion for a new trial.

The action was brought to recover the sum of nine hundred and thirty dollars, alleged to have been wrongfully retained and converted to his own use, out of a sum of two thousand five hundred dollars, alleged to have been collected by defendant for and on behalf of plaintiff, as her attorney.

The answer is in substance and effect that, though defendant did collect the sum of two thousand five hundred dollars, only the sum of $1,366.51 was the property of plaintiff, and that the balance thereof, according to agreement between plaintiff and defendant, was the property of defendant, as and for his fee for services rendered to plaintiff.

The action was tried before a jury, and resulted in a verdict for the sum of nine hundred and thirty dollars in favor of plaintiff.

The general facts of the case are that plaintiff asserted a claim to certain moneys on deposit in three different banks in San Francisco, standing on the books of said banks in the names of Sophia Moore and plaintiff. The moneys, to the amount of $13,611.18, had been deposited by Sophia Moore, who had since died.

Plaintiff employed defendant as her attorney in the matter, and he procured a settlement with the administrator of the estate of said Sophia Moore, whereby there was paid to plaintiff the sum of two thousand five hundred dollars in full settlement of her claim. This money was paid by check drawn to the order of plaintiff, but the check was retained by defendant until presented to the bank for payment, when plaintiff, for the purpose of procuring payment, wrote her name on the back thereof, at the direction of defendant, but without seeing or knowing the amount thereof, as she claimed, upon which it was presented to the bank by defendant, and the money placed upon the counter and at once taken into

the possession of the defendant, who shortly afterward, on the same day, turned over to plaintiff the sum of $1,366.51, and gave her a receipt in full for his services in the matter. Such receipt, however, stated no amount.

Plaintiff's theory of the case, which is supported by the evidence given by her, is that defendant was employed by her as her attorney in the matter, and that as her attorney he collected for her two thousand five hundred dollars, with little trouble, and after only three interviews with the attorneys representing the estate, and without any agreement as to his fee, retained for his own use all but $1,366.51, and in so doing, not only failed to inform her of the amount for which he had settled, but, in fact, concealed from her such knowledge, and that the amount retained was to the extent of nine hundred and thirty dollars in excess of the reasonable value of his services.

Defendant, on the other hand, claimed that at the time of his employment, and as a part of the terms thereof, it was agreed between plaintiff and defendant that he should be entitled to all that he should succeed in obtaining for her in excess of the amount on deposit in the German Savings & Loan Society, which amount turned out to be $1,366.51. His testimony tended to support this theory of the case, and also that he informed her, when he turned over to her such sum, of the amount he had collected.

The record presents a clear case of a conflict of evidence as to the matters really in controversy, and for that reason the verdict of the jury cannot be disturbed as not supported by the evidence.

The second point urged by the appellant is that "The action is misconceived, and if any action at all will lie against the defendant it should be in equity."

Precisely the same contention was made, and the same authorities cited by the appellant, in *Cox* v. *Delmas,* 99 Cal. 104, 112, [33 Pac. 836], a case in all its essential features similar to the case at bar, and in which the judgment was sustained, though the action was, as is the one at bar, an action at law for money had and received.

"The action for money had and received may be maintained whenever an equity arises from the circumstances that

one has money which he ought to pay to another.'' (*Quimby* v. *Lyon,* 63 Cal. 394.)

The testimony of plaintiff, if true, showed such a case, and the action was therefore properly brought at law to recover money had and received for the account of plaintiff.

The court refused to give an instruction requested by defendant, as follows: ''You are instructed that an attorney, dealing with a person about to become a client as to his contract for payment for services, occupies no different position than any other two persons contracting for payment of services. No presumption of undue influence applies to a transaction where an attorney is in a hostile attitude to his client, nor in case of the contract by which the relation of attorney and client is originally created and the compensation of the attorney fixed.''

The court was justified in so doing. While the first and last proposition stated are correct statements of the law, it is not true that ''no presumption of undue influence applies to a transaction where an attorney is in a hostile attitude to his client,'' and the authority cited by appellant in support of such proposition does not sustain him. It is said in *Cooley* v. *Miller & Lux,* 156 Cal. 510, [105 Pac. 981], that ''The presumption does not apply to a transaction in which the attorney *openly assumes* a hostile attitude to his client.'' (Italics are ours.) This is a very different proposition from the one that ''No presumption of undue influence applies to a transaction where an attorney is in a hostile attitude to his client.'' Whenever an attorney, for his own benefit, deals with his client, in regard to property that is the subject of his employment, he is in a hostile attitude to his client, but is still bound to the exercise of the utmost good faith toward his client in such transaction, and the burden is upon him to rebut the presumption of undue influence. It is only when he openly assumes a hostile attitude that his transactions with his client will be free from the presumption of undue influence on the part of the attorney. (*Cooley* v. *Miller & Lux,* 156 Cal. 510, [105 Pac. 981].) The court, therefore, did not err in refusing the requested instruction.

The court gave as an instruction an extract that it read from the case of *Cox* v. *Delmas,* 99 Cal. 123, [33 Pac. 836], in regard to the duty of the attorney to act with entire fair-

ness in dealings with his client, and to which the court added: "That rule of law applies where the relation of client and attorney exists between two parties, and where in a matter relating to the business or affairs of the client, intrusted to the attorney as such, in any dealing of that kind, whereby an advantage is procured or obtained by the attorney from the client, the law requires the fairest and most conscientious dealings upon his part, because, upon transactions of that character, it looks with a jealous scrutiny."

No complaint can be justly made of the law as read from *Cox* v. *Delmas,* or as stated by the court, as an abstract proposition. Appellant, however, claims that it was not pertinent to the facts of this case. It was perfectly pertinent to the theory of the facts as testified to by plaintiff, which we have heretofore detailed in substance.

It is claimed that the court erred in omitting the last sentence from the following instruction requested by defendant: "You are instructed that the contract of employment between an attorney and a client need not be in writing, and that an attorney can agree to perform his services on a contingency. And if the client agrees to employ the attorney and pay him for his services all over a certain sum which he may recover for him, said contract will be enforced, unless fraud was used by the attorney in securing the contract."

So far as the last sentence correctly states the law it is substantially covered by the first sentence. The omitted sentence is not an accurate statement of the law, for not only may such a contract be avoided if procured by fraud, but the same result follows if procured through undue influence or mistake.

Some other minor matters have been called to our attention by appellant, which we do not think necessary to notice in detail.

The verdict of the jury finds sufficient support in the evidence given by the plaintiff.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.