[Civ. No. 6809. Second Appellate District, Division Two.—July 14, 1931.]

BESSIE ZELLER, Respondent, v. D. A. KNAPP, Appellant.

D. A. Knapp, *in pro. per.*, and Ewell D. Moore for Appellant.

A. S. Goldflam for Respondent.

CRAIG, Acting P. J.—The defendants, as alleged trustees for the plaintiff and respondent, were by her paid certain moneys which they agreed to invest in an incorporated trucking business of which they were directors. It was also alleged by the plaintiff that the defendant and appellant, D. A. Knapp, an attorney and counselor at law, was at the same time her legal adviser; that he promised large returns upon said investment, the issuance of stock or investment certificates in their names as such trustees, the payment of plaintiff's share of profits each month, and the refund of her principal together with any unpaid accrued interest, upon one year's notice in writing; that the business was not profitable, that its returns were not as represented by appellant, and that no part of the same had been refunded. The defendants admitted receipt of the moneys for investment, denying any misrepresentation as to volume of business or amount of returns, or that D. A. Knapp was then or at any time the plaintiff's attorney, or that either of the defendants acted in any capacity other than as recipients of checks aggregating $6,000 for investment as directed by her. Defendant Knapp affirmatively alleged that "to the end of insuring the success of said investment to plaintiff, this defendant secured stock therein to represent her full *pro rata,* ever holding the same as her trustee; . . . that this defendant as said trustee has far exceeded the requirements in said trustees' agreement set forth and has done everything humanly possible in the premises to conserve plaintiff's investment and bring realization to plaintiff's hopes therein; that at all times this defendant has been ready to turn over to plaintiff corporate evidence of the holdings of the defendants to and for the benefit of plaintiff according to the terms of said agreement, but plaintiff has never made demand therefor, either in writing or otherwise". Findings of fact and judgment were awarded the plaintiff, and the defendant Knapp appealed from said judgment.

There is a sharp conflict of evidence, direct and circumstantial, from which the trial court found that appellant falsely and with intent to deceive and defraud the plaintiff, represented the trucking business as of a large volume and that its proceeds were enormous, and that he made numerous

other fraudulent representations. This conflict alone precludes a contrary ruling upon appeal, even though as argued by appellant, such findings appear to be against a preponderance of the evidence, where they are, as here supported by some substantial evidence. (*San Francisco* v. *Center*, 133 Cal. 673 [66 Pac. 83].) But we think that for other reasons the judgment must be affirmed, and that a more extensive consideration of this phase of the case is therefore unnecessary.

The complaint contained a cause of action for money had and received, and the plaintiff also alleged that appellant acted as her attorney in the matter, which, as already mentioned, was strenuously denied both in the answer and upon the trial. It was testified by respondent and her daughter, and the trial court found, that appellant "arranged all of the terms of the contract between the parties while acting as the attorney for the plaintiff"; that the defendant received from the plaintiff the sum of $6,000, which she paid to Knapp for investment and which he turned over to Hunt; that no stock was issued to the plaintiff, that she received no benefit from the investment, and that she made demand for the return of her money. Specifically, the respondent swore that the appellant not only was a director of the company, but that "he, Mr. Knapp, and Mr. Hunt had taken over this Golden State Transportation Company and that if I would invest some money in it he would get me,—have a safe investment for me, and that I would be in on the ground floor and my money would be safe and he would watch it as an attorney for me and be my attorney in the investment of this money. . . . I said, 'Mr. Knapp, of course, I want a safe investment. I don't know anything about these investments. I don't know a thing about them.' He said, 'Well, that is just why I want to look after your money and you do not need to worry about anything of that sort because you know an attorney does not make mistakes.' . . . Mr. Knapp told me what an enormous business this transportation company was carrying on and what big returns I would receive from my money. He said, 'Why, in a short time you will be able to live at the Biltmore Hotel.' "

The proof of actual fraud as between attorney and client is not requisite to the maintenance of an action for moneys of the latter which are entrusted to the former in

such cases. ''The rule is well established that the relation of attorney and client is confidential in character and that any contract entered into between them while that relation continues, whereby the attorney obtains an advantage from the client, is presumed to have been made by the client under the undue influence of the attorney. (*Kisling* v. *Shaw,* 33 Cal. 440 [91 Am. Dec. 644]; Civ. Code, sec. 2235; 1 Story's Equity Jur., secs. 310, 311; 2 Pomeroy's Equity Jur., sec. 390.)'' (*Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981].) To the same effect are *Cooley* v. *Miller & Lux,* 168 Cal. 120 [142 Pac. 83]; *Metropolis etc. Sav. Bank* v. *Monnier,* 169 Cal. 592 [147 Pac. 265].) ██ It has long been established law that whenever an equity arises from the circumstances of which it appears that one has money which he ought to pay to another, an action for money had and received may be maintained. (*Quimby* v. *Lyon,* 63 Cal. 394; *Cox* v. *Delmas,* 99 Cal. 104 [33 Pac. 836]; *Black* v. *Riley,* 20 Cal. App. 199 [128 Pac. 764].)

██ The evidence in this case tends to establish an official and financial interest of appellant in a business which he and his co-defendant had taken over, the solicitation and investment therein of moneys of a client, and admissions by both defendants that there was no profit and that said moneys had not been repaid as agreed. The equities impel an affirmance upon the action for moneys had and received. Arguments upon remaining issues, as we have seen, go to the weight of the evidence, and we are not authorized to disturb findings of fact or a judgment where a fair and reasonable ground for differences of opinion is presented. (*Lefroath* v. *Prentice,* 202 Cal. 215 [259 Pac. 947].)

The judgment is affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 13, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 10, 1931.