[Civ. No. 1429.   First Appellate District.—January 18, 1915.]

## FREDERICK SIMEN, Respondent, v. SAM AFTERGUT COMPANY (a Corporation), Appellant.

LANDLORD AND TENANT—CONSTRUCTION OF LEASE—INTENTION OF PARTIES.—A lease, like every other contract, must be considered and construed in its entirety so as to give effect if possible to the mutual and manifest intention of the parties (Civ. Code, sec. 1636), and in so doing its several clauses and covenants must, if not absolutely repugnant, be considered conjunctively (Civ. Code, sec. 1642).

ID.—COVENANT TO ERECT IMPROVEMENTS IN LIEU OF RENT—CONSTRUCTION OF.—Where a lease of real property required that the lessee should, in lieu of the payment of the rent reserved for the first year of a three year term, improve the leased premises, "by moving and erecting thereon such improvements as it shall see fit, to revert to the lessor as hereinafter provided," and it was further provided that if at any time during the term the lessee should elect to vacate the premises it might, upon the payment of a certain amount, do so and the lease should thereupon terminate, but as a condition precedent to the exercise of such option the lessee should have erected upon the premises improvements of the value of three hundred and sixty dollars, to revert to the lessor, the lease contemplated that the lessee would be required to erect on the premises improvements of a certain value but of such kind or character as it saw fit, which should be compensation to the lessor for the first year's rent; and the failure to do so was a breach of the lease giving the lessor a cause of action for damages.

ID.—EVIDENCE—CONVERSATION AT TIME OF EXECUTION OF LEASE—VALUE OF IMPROVEMENTS—ORAL EVIDENCE INADMISSIBLE.—In such a case where there was no ambiguity in the lease as to the intention of the parties upon the subject of what the value of the improvements should be, when the lease was construed in its entirety, oral testimony as to the conversations between the parties at the time of its execution was inadmissible and rightfully rejected upon the ground that it was an attempt to vary the terms of a written instrument by parol.

Id.—Ambiguous Covenant—Construction in Favor of Lessor.—While the covenant concerning the placing and erection of improvements upon the leased premises in such a case standing alone was undoubtedly ambiguous, that construction must be given to it which will be most favorable to the party in whose favor it was made, that is, the lessor.

Id.—Contracts—Rule of Construction.—If the terms of a promise are in any respect ambiguous or uncertain, they must be interpreted in keeping with the sense in which the promisor believed that the promisee understood them, and in the presence of uncertainty the language of a contract must be interpreted more strongly against the party who caused the uncertainty to exist, who, in such a case, is presumed to be the promisor.

Id.—Waste—Destruction of Improvements—Use and Wear—Pleading.—In an action for damages by a lessor against his lessee for the destruction of improvements upon the demised premises it is not necessary for the plaintiff to allege affirmatively that the destruction "was not caused by reasonable use and wear and damage by the elements," such matter, if it existed, being purely a matter of defense.

Id.—Issues—Damage to Improvements—Findings.—In such a case the question whether or not the alleged damage to the improvements was due to depreciation as a result of use and the elements not being put in issue by the pleadings, and the action not being defended upon any such theory, the trial court was not required to find what portion, if any, of the damage to improvements was the result of "the reasonable use and wear and damage by the elements."

Id.—Findings—When Conclusive.—In such a case where the findings fixing the damage to plaintiff for the destruction of improvements rest upon conflicting evidence, it will not be disturbed on appeal.

Id.—Erection of Improvements—Time for—Demand—Pleading and Proof.—In such a case although it is not clear from the terms of the lease that the parties contemplated that the improvements in question should be erected upon the leased premises during the first year of the lease, where it is reasonably certain from the terms of the lease as a whole that it was the intention of the parties that such improvements should be erected in lieu of the first year's rental sometime before the expiration of the lease, which covenant was not complied with during the life of the lease, the lessor was not required to plead or prove a demand upon the defendant to comply with the terms of the covenant. When the time has come for the doing of an act which it is the duty of the defendant to do unconditionally no demand other than the suit is necessary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Hankins & Hankins, for Appellant.

J. L. Nagle, and P. B. Nagle, for Respondent.

THE COURT.—The plaintiff's complaint separately stated two causes of action against the defendant—one for damages for the alleged breach of a covenant to erect improvements in lieu of the first year's rent reserved in a contract of lease; and the other for damages for the alleged destruction by the defendant of certain improvements which were part and parcel of the leased premises. Judgment was entered for the plaintiff upon the first cause of action in the sum of one hundred and ten dollars, and upon the second cause of action in the sum of two hundred and fifty dollars.

The lease in question, which was pleaded *in haec verba,* contained the usual covenants of a contract for the letting of real property, and in addition provided and required that the lessee, the defendant herein, should, in lieu of the payment of the rent reserved for the first year of a three year term, improve the leased premises "by moving and erecting thereon such improvements as it shall see fit, to revert to the lessor as hereinafter provided." This covenant of the lease evidently referred to and was related to a following clause of the lease, which provided that " . . . If at any time during the term herein created said lessee shall elect to vacate said premises, it may, upon payment to the lessor of one hundred ($100.) dollars in United States gold coin as a bonus, at its option quit and surrender the same, and this lease shall thereupon terminate, and the parties hereto shall be relieved from all further obligations hereunder, provided however, and as a condition precedent to the exercise of such option, that said lessee shall have removed to or erected upon said premises improvements of the reasonable value of three hundred and sixty ($360) dollars, to revert to said lessor."

The plaintiff's complaint in the first cause of action alleged that the defendant "has failed and refused and still refuses to make any improvements on said premises or to move to or erect thereon any improvement or improvements whatsoever as agreed in said lease, or to improve the premises in any manner whatsoever." The defendant's demurrer, which was

general insofar as it concerned the sufficiency of the facts stated to constitute a cause of action, was overruled. The demurrer upon this ground was directed apparently to the point that the plaintiff did not have a cause of action for damages because of the defendant's failure to make any improvements upon the leased premises, for the reason, as is contended, that the covenant of the lease covering the placing and erection of such improvements did not require the defendant to provide them unless he saw fit to do so. Standing alone and literally construed the covenant in controversy would perhaps mean no more than is contended for by the defendant; but a lease, like every other contract, must be considered and construed in its entirety so as to give effect if possible to the mutual and manifest intention of the parties (Civ. Code, sec. 1636); and in so doing its several clauses and covenants must, if not absolutely repugnant, be considered conjunctively (Civ. Code, sec. 1642).

Considered in conformity to these general principles it is apparent that the lease in the present case contemplated that the lessor was to receive remuneration of some kind for the first year's use of the demised premises. While the covenant concerning the placing and erection of improvements upon the leased premises standing alone is undoubtedly ambiguous, that construction must be given to it which will be most favorable to the party in whose favor it was made (Code Civ. Proc., sec. 1864). Manifestly it was the purpose of the covenant in controversy to contract for and cover "the payment of the rent for the first year," and this being so, it was undoubtedly made and intended to favor the lessor and not the lessee; and of the two different constructions of which it is susceptible the one "most favorable to the party in whose favor the provision is made" (Code Civ. Proc., sec. 1864), would be that which would result in "such an interpretation that will make it lawful, definite and reasonable" (Civ. Code, sec. 1643). The construction contended for by the appellant, that it as lessee was not required to move or erect on the premises any improvements at all unless it saw fit to do so, is obviously in conflict with the very apparent intention of the parties as indicated by a consideration of the lease in its entirety; and such a construction plainly would be antagonistic to the interest of the lessor, who was the party primarily to be benefited by the covenant in controversy. On

.the other hand, the construction adopted by the trial court that this covenant, considered in conjunction with the terms of the lease as a whole, contemplated that the lessee would be required to move or erect on the leased premises improvements of a certain value but of such kind or character as it saw fit, was in apparent harmony with the evident mutual intention of the parties, and gives to the plaintiff, the lessor, the benefit of some compensation for the first year's use and occupation of the leased premises. The trial court's conclusion in this behalf is fortified by a consideration and application of those code provisions which in effect declare that if the terms of a promise are in any respect ambiguous or uncertain, they must be interpreted in keeping with the sense in which the promisor believed that the promisee understood them, and that in the presence of uncertainty the language of a contract must be interpreted most strongly against the party who caused the uncertainty to exist, who in such case is presumed to be the promisor (Civ. Code, secs. 1649, 1654). Thus construed the covenant in controversy placed a positive obligation upon the defendant as lessee, the breach of which would constitute a cause of action.

The gist of the plaintiff's second cause of action is to be found in the allegation of the complaint which in effect avers that during the defendant's occupation of the leased premises he greatly injured the premises by destroying certain improvements situated upon the demised premises at the time of the execution of the lease. It is the contention of the defendant that this allegation did not state a cause of action for damages for waste, because it was not affirmatively alleged that the destruction of the improvements existing upon the demised premises "was not caused by reasonable use and wear and damage by the elements," which were covered by the terms of the lease.

There is no merit in this contention. The evident purpose of the plaintiff was to aver the commission of a willful and an unlawful waste; and he was not required to negatively allege and prove the fact that the waste complained of was not the result of ordinary wear and tear for which there would be no liability under the terms of the lease. If such were the fact, it would have been purely a matter of defense.

There was no error in the ruling of the trial court refusing to permit F. J. Hankins, a witness for the defendant, to tes-

tify as to the conversation had between the parties to the lease at the time of its execution. The stated purpose of the proffered testimony was to show the understanding of the parties as to what was to be the value of the improvements to be placed upon the leased premises in lieu of the first year's rental; and such testimony was proffered upon the theory that the covenants as to the improvements were uncertain and ambiguous as to what the value of the improvements should be, and that therefore oral evidence as to the intent and understanding of the parties in that particular was admissible.

Read and construed in its entirety there was no ambiguity in the terms of the lease as to the intent of the parties upon the subject of what the value of the improvements should be; and therefore the proffered testimony was inadmissible and rightly rejected upon the ground that it was an attempt to vary the terms of a written instrument by parol evidence.

The question as to whether or not the alleged damage to the improvements was due to depreciation as a result of use and the elements was not put in issue by the pleadings, and the action was not defended upon any such theory. Therefore the trial court was not required to find what portion, if any of the damage to the improvements was the result of "the reasonable use and wear and damage by the elements."

An examination of the record convinces us that the finding fixing the damage to the plaintiff for the destruction of the improvements rests upon conflicting evidence, and will not therefore be disturbed by this court.

While it is not clear from the terms of the lease that the parties thereto contemplated that the improvements in question should be erected upon the leased premises during the first year of the life of the lease, nevertheless it is reasonably certain from the terms of the lease as a whole that it was the intent of the parties that such improvements should be erected upon the leased premises in lieu of the first year's rental some time before the expiration of the life of the lease. This being so, and the covenant in controversy not having been complied with during the life of the lease, the plaintiff was not required to plead and prove a demand upon the defendant to comply with the terms of the covenant. "When the time has come for the doing of an act which it is the duty of the defendant to do unconditionally, no demand

other than the suit itself is necessary." (*Cox* v. *Delmas,* 99 Cal. 104, [33 Pac. 836].)

The judgment and order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on February 17, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1915.