[Civ. No. 13253.   Second Dist., Div. One.   Jan. 16, 1942.]

SAMUEL C. HAWKINS, Appellant, v. DAVID R. FARIES et al., Respondents.

Roland Rich Woolley, Joseph F. Rank and Ralph C. Curren for Appellant.

Faries & McDowell, Charles E. McDowell, Leonard S. Janofsky and Wayne R. Hackett for Respondents.

DORAN, J.—This is an appeal from a judgment rendered in favor of respondents as defendants in an action brought against them by appellant, wherein the complaint was denominated one for an accounting of ''secret profits.'' Respondents had acted as attorneys for appellant in obtaining certain permits for the drilling of oil wells on tidelands owned by the state; and thereafter appellant sold his interest in the said permits either through or to respondents. The basis of the instant action is appellant's claim that in procuring the sale of his interest, respondents fraudulently withheld certain material information from appellant affecting the value of the permits in question. The complaint in effect charges that respondents, while acting as attorneys for appellant, and under authority from him, sold the certain properties owned by appellant, and failed to account to plaintiff for all the proceeds from such sales. The events from which the alleged cause of action arose took place some eight or nine years prior to the commencement of the action and about ten years prior to the trial thereof. The trial of the action consumed approximately three months and the transcript of the proceedings had thereat runs over 4,700 pages. The supplement to appellant's brief, summarizing the proceedings, consists of four volumes totaling over 1,800 pages.

The following constitutes appellant's statement of the questions involved:

''In this action where the fiduciary relationship of attorney and client is involved: (a) Did the defendant attorney, who purchased from his client valuable oil interests for $30,000,

overcome the presumption that said sale was fraudulent by clear and convincing proof that he made a full and complete disclosure to his client of all facts pertinent to such purchase? (b) When the attorney sold said interests less than four months later as part of an entire transaction wherein he also sold other interests of his client, did the attorney actually shift the respective consideration properly due to his client and himself so as to allow himself a purported profit of approximately $700,000 at the expense of his client? (c) Where the fiduciary relationship existed and continued to exist until shortly before action was commenced, can the attorney avoid liability on the ground that the action is barred by the Statute of Limitations where it appears that the fraudulent nature of the transactions was kept secret and was only accidentally discovered shortly before the action was commenced?''

Respondents state that the question involved on this appeal is whether there is any substantial evidence in the record of the case to support the findings of the trial court. Actually, the transactions here involved having been between attorneys and their client, the question is whether the respondent attorneys overcame by clear and satisfactory evidence the presumption of invalidity which arises from such transactions. ''All dealings between an attorney and his client for the benefit of the former are not only closely scrutinized, but are presumptively invalid on the ground of constructive fraud and such presumption can be overcome only by the clearest and most satisfactory evidence. Not only must the attorney offer clear and satisfactory evidence that the transaction between himself and his client was fair and equitable and no advantage was taken by him, but he must also offer proof that the client was fully informed of all matters relative to the transaction and was so placed as to be able to act understandingly and to deal with the attorney at arm's-length.'' (*Estate of Witt*, 198 Cal. 407, 419 [245 Pac. 197].) To the same effect see *Kisling* v. *Shaw*, 33 Cal. 425 [91 Am. Dec. 644]; *Cooley* v. *Miller & Lux*, 156 Cal. 510 [105 Pac. 981]; *Clark* v. *Millsap*, 197 Cal. 765 [242 Pac. 918]. Upon appeal, the inquiry in this connection is directed toward a determination of whether the trial court made a proper finding as to the nature and character of the transaction, supported by substantial evidence.

The trial court found the following facts. That the respondent firm of Faries & Williamson was employed by the respective permittees involved and by appellant to represent them as attorneys at law in connection with the filing of applications for the permits referred to in the complaint herein, and in obtaining the said permits on the property in question, together with leases thereon, and in the bringing and defending of any litigation in connection with the said permits and other matters which might require legal services in connection with the said permits or leases; and that this employment continued up to and including portions of the year 1930, but was terminated in the year 1930 by reason of the sale or disposal by the permittees and appellant of all of their right, title and interest in the said permits and leases issued thereon, and in and to any and all operating agreements relating to said leases, and in and to any proceeds resulting from the sale or other disposal of oil, gas and other hydrocarbons to be produced therefrom. That the termination of the said employment was promptly followed by an accounting by the said permittees and the respondent firm to appellant during the years 1929 and 1930 of any and all sums of money to which the appellant was entitled upon any sale or disposal of any right, title or interest of any permittee, or otherwise, in and to the said permits or leases, or otherwise. That the respondent firm of attorneys was dissolved on or about April 30, 1932, and that thereafter appellant did not employ said firm for any purpose in connection with any matter; and that at no time prior to the dissolution of the said firm did the appellant employ or deal with any member of the said firm as an individual, but that subsequent to the dissolution of the said firm appellant has employed respondent David R. Faries as his attorney in connection with various matters up to, and subsequent to, the time of the filing of this action, but not as to any matters referred to in the complaint herein. That "as to said permits and as to any leases based thereon, and as to any real property described in said permits and/or leases, and as to all matters and transactions pertaining to or affecting plaintiff's rights or interests therein or any financial benefit that plaintiff might derive therefrom, that the plaintiff (appellant) himself was at all times mentioned in plaintiff's complaint, trained and experienced in the oil business and particularly in buying, selling, leasing and dealing in tideland permits, oil-bearing lands and oil leases, and was familiar

with the value of each and all of the said permits . . . and each and all of the interests of all of the persons interested therein or the proceeds to be derived from any sale or disposal thereof, and was at all such times familiar with the preparation of, and accustomed to draw, contracts and agreements relating to the sale, lease, disposal or operation of real property for the purpose of producing or endeavoring to produce, oil, gas, or other hydrocarbon substances therefrom, and was familiar at all times mentioned in said complaint with the statutes and laws relating to tideland permits, and that the plaintiff did not at any time referred to in plaintiff's said complaint implicitly, completely, wholly, or at all, rely upon any advice, instructions or request of the defendant attorneys . . . in fixing or agreeing to, the terms upon which he disposed of any of his interests in, or related to, said permits''; and that appellant knew the said attorneys were not experienced in the oil business or in matters relating thereto. That for their legal services in connection with the said permits respondents were to receive one-sixth of the gross proceeds received by the permittees and appellant as a result of the issuance of such permits and the sale or disposal thereof or of any interest therein, or from any operations for the production of oil or gas conducted on the property therein described; and that respondents as attorneys, for their services in selling any royalty or other interest, were to receive an additional compensation equal to 10 per cent of the gross selling price thereof. The court made specific findings as to the disposal and sale of appellant's interest in the permits in question; that the sales thereof made to respondents were at the instance and request of appellant; that appellant disposed of all of his said interests in the permits; that a portion of said interests were transferred in settlement of pending litigation; that all such sales, assignments and transfers were made with appellant's knowledge and consent; and that respondents fully accounted to appellant for all moneys received from the sales, transfers and assignments in question; and that the sale of appellant's certain interests to respondents was not induced by concealment on the part of respondents; that appellant was fully informed by respondents of all facts known to them; that the price paid for said interests was fair and adequate; and that the transaction was not void but was a valid sale, by

which respondents obtained title to the property in question; and that the subsequent sale of the said property by respondents was a sale of their own property. That the members of said respondent firm, or any of them, never conspired or agreed or attempted with the buyers or buyer of any interest in any of the properties involved in this action to juggle or misrepresent or conceal or depress the price or consideration paid or agreed to be paid therefor, for the purpose of depriving plaintiff (appellant) of a fair return, or of the true return from such sale or of enabling the members of the said firm, or any of them, to obtain for themselves an excessive price or any advantage which they would not otherwise have obtained. ". . . that the said plaintiff was fully and completely advised by the said firm of Faries & Williamson and the members of said firm as to all facts relating to all sales and transactions had by or through them or any of them, in which was involved any right, title or interest of the plaintiff, or any right, title or interest claimed now or at any other time by the plaintiff in or to any permit, lease, land, contract, or any proceeds from the sale or disposal of any interest in any such or other property, or in or to any oil, gas or other hydrocarbon substances to be produced or saved or sold from any such permit . . . that at all times while the defendant attorneys, Faries, Williamson and Heizman, represented the plaintiff in any transactions referred to in these findings, they exercised their best and sincere judgment in his behalf, handled all matters entrusted to them diligently, efficiently, to the best of their ability, and with marked success, dealt with him fairly, acted throughout in good faith and with honest purpose and intent in his behalf . . . that throughout all such transactions, they made a continuing and conscientious endeavor to keep him fully and correctly advised as to all matters with reference to which the said firm of Faries & Williamson or any member thereof, were acting for said plaintiff, and for the purpose of obtaining his approval of every transaction affecting his interests; that they carried out to the best of their ability and their sincere judgment in his behalf, all his instructions to them, and faithfully, to their best judgment, performed every task assigned to them by him . . .''

It is true that many of the court's findings are in negative form; and "in a case such as this, proof of mere negative conduct on the part of an attorney dealing with his

client is not sufficient 'to overcome the presumption of fraud and unfair dealing which is automatically raised by the law as a protection to a client.' '' (*Thornley* v. *Jones,* 96 Cal. App. 219, 229 [274 Pac. 93].) However, it is to be noted that the trial court also affirmatively found that appellant, the client, had knowledge of the facts relative to the transactions here in question, that respondents had fully informed appellant of all facts within their knowledge, that appellant had received a fair and adequate price for the interests which he sold, and that respondents had acted honestly and in good faith and had handled all matters entrusted to them to the best of their ability and with the exercise of sincere judgment in appellant's behalf. It is to be inferred from such findings that the trial court was satisfied with the manner in which respondents had met the burden of proof cast upon them.

Appellant's brief reveals that the evidence was largely conflicting and that even where a conflict did not exist the evidence was not of such a conclusive nature as to compel the drawing of only one inference therefrom. Appellant has expended much of his efforts in attacking the credibility of the witnesses for respondents. Upon an appeal from a judgment all conflicts in the evidence must be resolved in favor of the judgment, and all reasonable inferences must be drawn in support thereof. The evidence adduced on behalf of respondent is not shown to be inherently improbable, and it was for the trial court to pass upon the credibility of the witnesses.

The record reveals that the transaction forming the basis of the complaint herein was the outgrowth of business brought to respondents as attorneys by appellant. The transaction, as a result of which respondents profited, was one in competition with appellant's interests. However, respondent Faries testified that he fully informed the appellant of the transaction; and although this statement of respondent is emphatically denied by appellant, nevertheless, this serves but to raise a conflict in the testimony, which conflict was resolved in favor of respondents by the trial judge. Whether the uncorroborated testimony of the respondent under such circumstances is that substantial evidence required by the law to support a finding was a question addressed to the trial judge. However controversial the question of the propriety of such a conclusion might be in this or any other similar situation attending a trial, it is well settled that such a con-

clusion cannot be disturbed on appeal. (See *Cox* v. *Delmas*, 99 Cal. 104 [33 Pac. 836] ; *Zeller* v. *Knapp*, 115 Cal. App. 486 [1 Pac. (2d) 1071] ; *Moore* v. *Hoar*, 27 Cal. App. (2d) 269 [81 Pac. (2d) 226].) It must of course be assumed that the trial court gave to the evidence that close scrutiny required in cases involving a transaction between an attorney and his client. There is, therefore, no ground upon which this court may set aside the findings of the trial court as not supported by the evidence. The efforts of appellant in this regard amount to little more than an attempt to retry the issues of the case upon appeal.

The trial court also found for respondents upon three affirmative defenses of accord and satisfaction, upon one of laches, and found that appellant's cause of action was barred by sections 337 (1) (2), 338 (4), 339 (1), and 343 of the Code of Civil Procedure. These findings likewise may not be said to lack support in the evidence.

Appellant sought to avoid the defense of the statute of limitations by showing that the facts constituting respondents' concealment of vital information were not discovered until a time within the period provided for commencement of an action such as the instant one; but the trial court expressly rejected appellant's theory of discovery as unsubstantiated; and for the reasons already given the court's finding in this regard may not be disturbed.

Appellant contends that the court erred in making a finding that appellant knew respondents were the actual purchasers of one-half of a royalty interest ostensibly sold to the Signal Oil Company and in refusing to permit appellant to amend his complaint to include that transaction. Appellant's proposed amendment set out the entire transaction in question, the proceeds received by respondents as a result of their purchase, in excess of the amount paid for the interests, and prayed judgment for the amount of this difference. Inasmuch as the court found that the sale of appellant's interest to respondents was fair and valid and that respondents thereby acquired title to the property in question, proceeds thereafter received by respondents from said property were the property of respondents, for which they were not accountable to appellant; and appellant's attempt to amend his complaint in order to show the proceeds thus received by respondents was without relevance or materiality. The proposed amendment was properly refused under the circumstances.

Appellant contends that the court erred in refusing to allow evidence as to appellant's drinking habits, stating that "the habitual use of intoxicants leaves an imprint upon the mind in some instances to the extent that one may suffer a temporary or permanent impairment thereof." If appellant's case was such an instance the burden was upon him to show it. Appellant fails to point out where there was any showing or offer to prove that his intoxication produced such an abnormal condition of mind as to render him incapable of comprehending or appreciating the effect of his acts, and the court found that appellant was sober at the time of the transactions and negotiations above mentioned. Obviously, there could be no error in refusing to permit evidence as to appellant's drinking habits under the circumstances here presented.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 16, 1942.