[Civ. No. 14209.   Second Dist., Div. One.   Oct. 16, 1943.]

PLXWEVE AIRCRAFT COMPANY (a Corporation) et al.,
Appellants, v. ALLAN D. GREENWOOD et al., De-
fendants; P. BRUCE MURCHISON, Respondent.

Charles L. Nichols and George Acret for Appellants.

Richard C. Hart for Respondent.

DORAN, J.—This is an appeal from a judgment of dis-
missal in favor of one of the defendants in an action for an

accounting, to establish a trust and for declaratory relief. The judgment was entered after the defendant's demurrer to plaintiffs' second amended complaint was sustained without leave to amend. The complaint is in two counts and the demurrer interposed was both general and special as to both counts. The second count merely incorporates the allegations of the first count and then states that an actual controversy has arisen between plaintiff and defendants in that plaintiffs claim that by reason of the allegations set forth in the first count the defendants are constructive trustees for plaintiff in respect to the matters alleged. If the allegations of the first count of the complaint are sustained the plaintiffs would be entitled to have defendants held constructive trustees for the benefit of plaintiffs. The second count therefore adds nothing to the complaint and may be considered superfluous. As to the allegations of the complaint contained in the first count, "the inquiry here, in the light of the grounds specified in defendant's demurrer, is confined to a consideration of whether the amended complaint stated sufficient facts with sufficient certainty to entitle plaintiff to have the demurrer overruled and to have the cause proceed to trial." (*Genuser* v. *Ocean Acc. etc. Corp.*, 42 Cal.App.2d 673, 675 [109 P.2d 753].)

The complaint in question sets forth the following facts in substance. Appellant Hemphill is the owner of 60 per cent of the stock of appellant Plxweve Aircraft Company and supplied all of the cash capital of that corporation, in the sum of $30,000, and in addition made substantial loans to the corporation to assist it in carrying on its operations. The corporation was engaged in developing and building a new type of aircraft. Respondent at all times mentioned in the complaint acted as the attorney for appellants. By the month of April, 1941, appellant corporation had depleted its capital through its operations and was in need of new capital. It is alleged on information and belief that respondent and defendant Greenwood, the general manager, vice president and a director of appellant corporation, were in a position to secure new capital, but instead entered into a plan or agreement between themselves to secure the capital for the benefit of a new corporation. Respondent and said defendant induced appellant Hemphill to agree to sell the assets of appellant corporation for $30,000 upon terms contained in an agreement which is set forth in full in the complaint. Appellant Hemphill executed said agreement upon the recommenda-

tion of respondent and because of Hemphill's trust and confidence in respondent as attorney; and respondent so induced appellant Hemphill for the purpose of enabling the defendants to secure for their own personal benefit certain profits and advantages. The agreement in question reads in part as follows:

"This will serve as my agreement relative to subcontracting operations of the Plxweve Aircraft Company insofar as I am personally affected, and insofar as my influence upon the Board of Directors is concerned in the ratification thereof.

"It is my understanding that you contemplate the organization of a company of approximately twenty or twenty-five thousand dollars, the purpose of which will be to engage in subcontracting work. It is also my understanding that it is the desire of the principals of this enterprise that the efforts toward the completion of the present Plxweve airplane be continued and maintained with the view in mind of obtaining an A. T. C. license.

"It is my understanding that you propose that Plxweve Aircraft Company, a corporation, transfer and assign all of its developments relative to the subcontracting woodwork, and assign all of its machinery and equipment and to pay therefor, and its present contract for rental of machinery and equipment, and that the subcontracting company also take on all of the employees now on the payroll, either in the engineering division or in the shop."

Respondent represented to appellant Hemphill that respondent would have only a nominal interest in the new corporation; and it is alleged that appellant would not otherwise have entered into the transaction. It is also alleged that respondent "intentionally refrained from making known, and expressly refused to make known" the identities of the parties interested in the transactions in question. The deal to sell the assets of appellant corporation was ratified by the board of directors; and through thus gaining control of the assets, the defendants obtained secret profits and advantages in excess of $10,000, according to plaintiffs' information and belief.

Are the allegations set forth in substance above sufficient to found a cause of action to establish an involuntary trust, where a relation of trust and confidence, as between attorney and client, existed between defendant and plaintiff?

"The rule is well established that the relation of attorney and client is confidential in character and that any contract entered into between them while that relation con-

tinues, whereby the attorney obtains an advantage from the client, is presumed to have been made by the client under the undue influence of the attorney." (*Cooley v. Miller & Lux*, 156 Cal. 510, 523, 524 [105 P. 981], citing *Kisling v. Shaw*, 33 Cal. 425, 440 [91 Am.Dec. 644].)

" 'The relation of attorney and client is of a fiduciary character, and the Civil Code (sec. 2235) clearly provides that all transactions between a trustee and his beneficiary during the existence of the trust, by which he obtains any advantage from his beneficiary, "are presumed to be entered into by the latter without sufficient consideration and under undue influence." This does not mean that a trustee may not deal with his beneficiary. But if he does deal with him in such manner as to obtain an advantage, the trustee has the burden of showing by evidence that the transaction was fair.' (See, also, *Sanguinetti v. Rossen*, 12 Cal.App. 623 [107 P. 560].)" *Clark v. Millsap*, 197 Cal. 765, 783 [242 P. 918], quoting from *Metropolis Trust & Sav. Bank v. Monnier*, 169 Cal. 592 [147 P. 265]. Also see *Hawkins v. Faries*, 49 Cal.App.2d 186, 189 [121 P.2d 20].

It follows that, in general, a cause of action has been stated for appropriate relief when facts are alleged which show that an attorney has entered into a transaction with his client and has obtained an advantage therefrom. The burden of showing the transaction to be fair in such a case is one of affirmative defense. Respondent contends that the complaint shows affirmatively that the transaction in question was fair. But it is alleged in substance in the complaint that at a time when appellant Hemphill was in need of capital to carry on his operations through appellant corporation, respondent took advantage of this situation to prevail upon appellant to part with his control of the undertaking, with a consequent advantage to respondent; and that this transaction was achieved through the relation of trust and confidence which existed between appellant and respondent; and that a full disclosure of the facts was not made to appellant. It should also be stated that the verbatim recital of the terms of the agreement to transfer the assets is insufficient to show the transaction to be a fair one, in view of the allegations as to the purpose of defendants in inducing Hemphill to execute the agreement, the secret profits said to have been derived by defendants, and the failure of defendants to disclose all the facts to appellant Hemphill, together with the allegations of the existence of a relationship of trust and confidence as

between appellants and respondent. On the facts as alleged appellants should be entitled to a trial of the cause. The allegations of the complaint are not such as to mislead the defendants.

The judgment is reversed, with directions to the trial court to overrule the demurrer to the second amended complaint herein, allowing defendant Murchison sufficient time to answer.

York, P. J., and White, J., concurred.